

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

April 11, 1947

Hon. W. H. Crunk
County Attorney
Delta County
Cooper, Texas

Opinion No. V-139

Re: Approval of School Bus
Driver Bond by County
School Board where
School District is re-
ceiving State aid un-
der Article V, Acts
1945, 49th Leg., R.S.,
Senate Bill 167.

Dear Sir:

We refer to your letter of recent date acknow-
ledged by the Attorney General on February 19, 1947, where-
in you requested an opinion on the question and facts sub-
mitted therein, in substance, as follows:

The Board of Trustees of the Enloe
Independent School District of Delta Coun-
ty under provisions of Article 2687a,
V.C.S., has authorized the drivers of their
school busses to execute bond in the a-
mount of $3,000.00 with personal sureties
rather than corporate sureties. The Coun-
ty School Board has advised the District
that it may authorize the making of per-
sonal surety bonds provided the same shall
be submitted to the County Board and ap-
proved by it.

Under provisions of Article V, Trans-
portation Aid, Acts 1945, 49th Legislature,
R.S., Senate Bill 167, school districts
qualifying thereunder are entitled to State
transportation aid to be disbursed by the
County Board and to be paid out of the Coun-
ty Board Transportation Fund designated in
the Act. The Enloe Independent School Dis-
trict is entitled to and is receiving State
aid out of this Fund. The School District,
however, refuses to recognize any authority
in the County School Board to make any re-
quirements affecting its power with refer-

ence to its School Bus Driver Indemnity
Bond.

Question: Under the facts sub-
mitted, are the statutory bonds required
by the Enloe Independent School District,
acting under Article 2687a, V.C.S., to be
executed by the drivers of its school
busses, subject to the approval of the
Delta County School Board, where the School
District is receiving State aid under pro-
visions of Article V, Acts 1945, 49th Leg-
islature, R.S., Senate Bill 167?

It is our understanding in view of the above
submitted facts that the Enloe Independent School Dis-
trict, acting under the provisions of Article 2687a, is
providing for the transportation of pupils of and within
the confines of the district, contracting for the employ-
ment of one or more drivers of its school busses, and is
paying the cost of said transportation and salaries of
said drivers out of its local school funds and State aid
funds to which the district is entitled under Article V,
Acts 1945, 49th Legislature, R. S., Senate Bill 167.

We have been advised further, in conference
with the Department of Education, that the district in
question has two bus drivers, both of whom are under con-
tract with the District Board and both of whom transport
pupils of and within the district as well as certain
pupils from surrounding districts into the local district.
The Enloe District has made application for transporta-
tion aid under the provisions of Article V, Senate Bill
167, and is receiving needed aid thereunder. Further,
the system of transportation bears the sanction and ap-
proval of the County Superintendent, the Delta County
School Board and the State Superintendent of Public In-
struction, acting under and by virtue of the provisions
of Article V, Senate Bill 167; which authorities acting
in cooperation with the Enloe District, have devised and
approved same as being the most economical transportation
system possible. The bus drivers have been authorized to
go without the Enloe District for the purpose of trans-
porting certain pupils attending schools within the dis-
trict by virtue of an employment contract required of all
bus drivers by the County Board who operate busses for
districts receiving State aid under Article V, Senate Bill
167, and all bus drivers who operate busses authorized
to cross district lines. We are advised also that the

County Board has required that all bus drivers under contract to it, as a condition of the contract, conform to the provisions of Article 2687a, which, among other matters, provides for the execution of a bond.

Article 2687a of Vernon's Statutes relates to the intradistrict transportation of pupils. It provides for the making of a contract by the trustees of an independent or common school district for such transportation and prescribes that the drivers shall be required to give bond, payable to the district, for such amount as the Board of Trustees of the district may prescribe, not less than $2,000.00, and contains other provisions not necessary here to state. Robinson vs. Draper, 133 Tex. 280, 127 S. W. (2) 181.

Article V of Acts of 1945, 49th Legislature, R.S., Senate Bill 167, relates to the interdistrict as well as the intradistrict transportation of pupils. It provides that the County School Board and County Superintendent, subject to the approval of the State Superintendent of Public Instruction, may set up the most efficient system of transportation possible for the purpose of transporting pupils from their districts and within their districts. It further provides for the making of a contract by the County Board of Trustees for bus drivers for such transportation and the payment of salaries of same out of the County Board Transportation Fund when said bus drivers are employed by the County Board, and that the County Board of Education shall distribute funds in the County Board Transportation Funds equitably to the eligible districts who have properly shown budgetary need for State aid in accordance with the provisions of the Act.

There is no statutory provision in Senate Bill 167 with reference to a bond to be exacted by the County Board in connection with any contract which it might make for the transportation of pupils. When, however, a County School Board, acting under the provisions of Article V, Senate Bill 167, employs bus drivers for interdistrict or intradistrict transportation of pupils in its most economical system of transportation, said Board acting within its sound discretion may require the drivers to execute bonds similar to the statutory bond required under Article 2687a. Such authority naturally carries with it the right to approve such bond.

Article V, Senate Bill 167, contemplates that a school district may continue to set up and operate its own transportation system for pupils within the district under Article 2687a when a district prefers to so operate same exclusively and does not make application for State aid. In such a case the statutory bond required under Article 2687a would not be subject to the approval of the County Board.

On the other hand, Senate Bill 167 clearly purports and is designed to give State transportation aid to those school districts showing need and making application for financial assistance, and in such instances the County Superintendent and County School Board are authorized and directed to set up the most economical system of transportation. In attempting to conform to the provisions of the Act, the County Board has established the policy of allowing the eligible school districts to contract for the employment of their own bus drivers. Since the District Board's jurisdiction is confined to the limits of its district and the bus drivers so employed are to transport pupils both within and without the district, the County Board has deemed it necessary to place said bus drivers under like contract, thus, enabling the bus drivers to perform both interdistrict as well as intradistrict transportation. As a matter of policy also the County Board has required that all such bus drivers shall, as a condition of their employment, conform to the provisions of Article 2687a by executing a bond in accordance therewith, and if approved by the Board, no additional bond is required.

In the present case, the County Board may require a second bond if it is not satisfied with the District bond and if it deems another bond necessary for protection of the children transported. In other words, the County School Board has no authority to approve a bond given by a bus driver to an independent school district if the transportation is limited to students within the district and financed by the district. On the other hand, if the school district is operating the bus for transportation of pupils within and out of the District and is receiving State aid under Senate Bill 167, 49th Legislature, this is a joint operation, and the County School Board has the right to either approve the bond given to the district or to require a separate common law bond.

## SUMMARY

When independent school district bus drivers are transporting pupils both from within and out of the school district and receiving State aid under Senate Bill 167, 49th Legislature, the County School Board has the right to approve the school bus drivers bond to the district or it may require a second bond for the protection of the children being transported.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:ejm:wb

APPROVED APRIL 11, 1947

*Price Daniel.*

ATTORNEY GENERAL OF TEXAS